Enkhbat ARILD and Chuluuntsetseeg Shagdar, Petitioners,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 11–70583.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2013.*

Filed May 20, 2013.

Haitham Edward Ballout, Esquire, Law Offices of Haitham E. Ballout, Burlingame, CA, for Petitioners.

Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, Jeffery R. Leist, Trial, Oil, U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and MURGUIA, Circuit Judges.

MEMORANDUM **

Enkhbat Arild and Chuluuntsetseeg Shagdar, natives and citizens of Mongolia, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005), and we deny the petition for review.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely where the motion was filed nearly four years after the BIA's September 2006 order, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners failed to establish that they acted with the due diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder,* 646 F.3d 672, 678–80 (9th Cir.2011) (equitable tolling is available to a petitioner who is prevented from filing because of deception, fraud or error, and exercised due diligence in discovering such circumstances).

In light of our disposition, we need not reach petitioners' remaining contentions.

**PETITION FOR REVIEW DENIED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.